IN THE MATTER OF WALTER BRADY, AN IMPRISONED DEBTOR.

*Discharge from imprisonment — meaning of "just and fair" — what must be shown to prevent discharge — 2 R. S., chapter 5, title 1, article 6.*

Under the provisions of the act providing for the discharge of imprisoned debtors, it is sufficient to prevent the discharge of a debtor if it be shown that he has been guilty of the acts which he is required to negative by the form of oath prescribed by section 5 of said act.

It sufficiently appears that the proceedings of the debtor have not been "just and fair" within the meaning of section 8, if it be shown that he has disposed of, or made over any part of his property with intent to injure or defraud any of his creditors, although such acts were committed before the commencement of the action on which he is imprisoned, provided they are shown to be so far connected with the action, as to be the grounds upon which the order for his imprisonment was based.

It is not necessary that it should be shown that the petitioner was, at the time of the application for a discharge, concealing or attempting to conceal property, or had then in his possession or under his control any property or rights which he then secreted, or had secreted, in contemplation of such proceedings.

APPEALS by two opposing judgment creditors from the order of the Special Term granting to the petitioner a discharge from imprisonment, under chapter 5, title 1, article 6 of part 2 of the Revised Statutes.

*George W. Van Slyck* and *Freling H. Smith*, for the appellants.

*Thomas M. North* and *J. Langdon Ward*, for the respondent.

DAVIS, P. J.:

The respondent was imprisoned on two executions issued upon judgments severally recovered by the appellants. He was arrested in each of the actions upon orders obtained upon affidavits alleging that he had disposed of his property with intent to defraud his creditors. Motions in each of the actions to vacate such orders of arrest, founded upon affidavits, were made and denied, and an appeal was taken from the order of denial in one of such motions, which order was affirmed by the General Term. (*Wheeler* v. *Brady*, 2 Hun, 347.) The application for discharge was made under title 1,

chapter 5, article 6 of part 2 of the Revised Statutes (2 Rev. Stat., p. 31 [Edm. ed.] ). The fifth section of the statute under which the proceeding is presented requires that an affidavit shall be made, indorsed on the petition and sworn to by the applicant, stating that his petition and the account of his estate, and of the charges thereon, are in all respects just and true, and that he has not, at any time or in any manner, disposed of or made over any part of his property with a view to the future benefit of himself or his family, or with an intent to injure or defraud any of his creditors. The eighth section of the same statute declares, that " unless the opposing creditors shall be able to satisfy the court that the proceedings on the part of the prisoner are not just and fair, the court shall order an assignment as aforesaid and grant a discharge as hereinafter directed." The court granted the order of discharge. The grounds upon which it was granted appear by the opinion of the learned judge, which is as follows:

" Donohue, J. After the most careful examination of the case, it does not appear to me, that there is any evidence to show that the defendant has in his possession or under his control any property or rights which he now secretes, or has secreted in contemplation of these proceedings. His assignment carries with it any right he may have to all his property. I fully agree with Judge Clerke, in *Matter of Latorie*. The law did not intend a perpetual imprisonment, if it appeared that the defendant was now concealing or attempting to conceal property, the imprisonment might continue until he did justice, but it does not appear on this evidence, that any further continuance of it can produce any result. I feel myself bound by the case referred to, and order the discharge asked."

This opinion shows that the order of the court below was granted, because the opposing creditors failed to show that the petitioner was at that time concealing or attempting to conceal property, or had then in his possession or under his control any property or rights which he then secreted or had secreted in contemplation of these proceedings. We think this was altogether too narrow a construction of the statute under which the petition was presented. He was required by the statute to swear that he had not at any time, or in any manner, disposed of or made over any part of his property with a view to the future benefit of him-

self or his family, or with an intent to injure or defraud any of his creditors. (Sec. 5, *ubi sup.*) We think if the opposing creditors succeeded in establishing that this part of the affidavit indorsed upon the petition was not true, they thereby showed that the proceedings of the prisoner were not just and fair within the meaning of the statute.

Such was the construction of the statute in *Gale* v. *Clark,* by DALY, Ch. J. of the Common Pleas, in an opinion reported in The New York Weekly Digest (vol. 1, No. 10, p. 209), in which he held that, " by the act the applicant is required to swear that he has not parted with or made over any part of his property with intent to defraud any of his creditors." And he also held that the act of mortgaging personal property to a brother of the petitioner, before the commencement of the action in which he was imprisoned, with intent to defraud creditors, was a proceeding not just and fair within the meaning of the statute, as construed by the court in the case of Watson (2 E. D. Smith, 429). It is not reasonable to suppose that the legislature would require an imprisoned debtor to take the oath above set forth, and at the same time provide for his discharge, notwithstanding it should be shown by an opposing creditor that such oath was false, because it was not also shown that he had at the time of the hearing, property which he then concealed, or because it was not shown that he had secreted his property with a view to the particular proceeding for his discharge. The intention was we think, as indicated by the form of the oath, to prevent the discharge of a debtor who has been guilty of the acts which he is required to negative by the oath prescribed by the statute ; and that it is enough to show that the proceedings on the part of the prisoner are not " just and fair," if the creditor establishes on the hearing that the debtor has disposed of or made over any part of his property with intent to injure or defraud any of his creditors, although such acts were committed before the commencement of the action in which he is imprisoned, provided they are shown also to be so far connected with the action as to be the grounds upon which the order for his imprisonment therein was based.

This condition of things was shown by the appellants on the hearing of this case. They produced the affidavits upon which the order was made, and those made upon the hearing of the motion

to discharge the orders, which showed the grounds upon which the order was made, to wit, the disposing of the property with intent to defraud creditors, and they proved by the petitioner's own examination that he had made the disposition alleged in those papers, of his property, and showed other transactions relating thereto which we think the court below, if it had considered these acts as within the statute, would undoubtedly have held to have been fraudulent as to his creditors.

The order of the court below was therefore erroneous and must be reversed, with costs of the appeal.

DANIELS, J., concurred.

Order reversed, with costs of appeal.